08 CV 03298

Martin F. Casey (MFC -1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

JUDGE BATTS

RECEIVED
APR 02 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IPD GLOBAL, INC.

           Plaintiff,                          08 Civ.

      - against -

COMPANIA CHILENA DE NAVEGACION              **COMPLAINT**
INTEROCEANICA, S.A.

           Defendant.
------------------------------------------------------------X

      Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

      2.     Plaintiff, IPD GLOBAL, INC., is a corporation with a place of business located at 2800 Skymark Avenue, Ste 501, Mississsauga, Ontario L4W 5A6, Canada, and was the consignee and/or assignee of certain of the cargo to be laden on board the M/V CAP BRETON, as more fully described below.

      3.     Defendant, COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. (hereinafter "CCNI"), is a foreign corporation with a place of business located c/o Norton Lilly International, One St. Louis Centre, Ste 3002, Mobile, Alabama 36602, was and still is

doing business in this jurisdiction directly and/or through an agent and was acting at all times as a common carrier in the maritime industry.

4. Plaintiff was the receiver, consignee, owner and/or assignee of the consignments hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

5. On or about March 6, 2007, a consignment consisting of 1,176 boxes Royal Gala Apples laden into container CRLU 516579-2, and a consignment consisting of 1,176 boxes Royal Gala Apples laden into container CRLU 516611-9, then being in good order and condition, was delivered to defendant CCNI and the M/V CAP BRETON at the port of San Antonio, Chile, for transportation to Toronto, Canada via the port of New York, in consideration of an agreed freight pursuant to CCNI bills of lading numbers CLSAI-000486410-4 and CLSAI-000486441-3, each dated March 6, 2007.

6. Thereafter, the aforementioned consignments were loaded aboard the M/V CAP BRETON, CCNI bills of lading numbers CLSAI-000486410-4 and CLSAI-000486441-3 were issued, and the vessel sailed for the intended port of destination.

7. Contrary to the agreed upon route of transportation, CCNI caused the aforementioned containers to be discharged in the port of Port Everglades, Florida rather than the port of New York. Furthermore, CCNI failed to notify cargo interests of the discharge in Port Everglades and the consignments sat and otherwise remained in Port Everglades for an undue amount of time, causing physical damage to the consignments of apples.

8. When the cargo finally arrived at its intended destination in Toronto on or about April 26, 2007, the two consignments of apples were found to be have sustained physical damage.

9. Defendant CCNI failed to deliver the said consignments of apples to the designated receiver at the port of discharge in the same good order and condition as when received by CCNI in San Antonio, Chile.

10. The damage to the aforementioned consignments did not result from any act or omission on the part of plaintiff, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendant CCNI.

11. By reason of the foregoing, plaintiff has sustained damages in a total amount of no less than $10,000.00, as nearly as presently can be determined, no amount of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 2, 2008
300-4/5

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *[signature]*
Martin F. Casey (MFC-1416)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225